IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RICHARD GRINSTEAD,

        Plaintiff,

    vs.                                Civil Action 2:14-cv-1179
                                               Judge Watson
                                               Magistrate Judge King

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

## REPORT AND RECOMMENDATION

This is an action instituted under the provisions of 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying plaintiff's application for supplemental security income. This matter is now before the Court for consideration of *Plaintiff's Statement of Errors*, ECF 15 ("*Statement of Errors*") and *Memorandum in Opposition*, ECF 20 ("*Commissioner's Response*").

**I.    Background**

Plaintiff Richard Grinstead protectively filed his application for benefits on December 16, 2011, alleging that he has been disabled since June 1, 2008. *PAGEID* 174-77. The application was denied initially and upon reconsideration and plaintiff requested a *de novo* hearing before an administrative law judge. *PAGEID* 32-39.

An administrative hearing was held by video on March 22, 2013, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. *PAGEID* 56-81. In a decision dated April 8, 2013, the administrative law judge concluded that plaintiff was not

1

disabled from December 16, 2011, through the date of the administrative decision.  *PAGEID* 40-50.

Plaintiff was 29 years of age on the date of the administrative law judge's April 8, 2013 decision.  *See PAGEID* 61.  He has an associate's degree, is able to communicate in English, and has no past relevant work.  *PAGEID* 42, 49.

## II.   Evidence of Record[1]

Plaintiff began treatment with Mehrnaz Hojjati, M.D., a Board-certified rheumatologist, in May 2011.  *PAGEID* 383, 385, 540.  On April 4, 2012, Dr. Hojjati diagnosed fibromyalgia, arthritis, Sjogren's syndrome, sarcoidosis, and neck pain.  *PAGEID* 426. Plaintiff's symptoms included multiple tender points, chronic fatigue, morning stiffness, subjective swelling, numbness and tingling, sicca symptoms, anxiety, panic attacks, and depression.  *PAGEID* 540. Plaintiff also experienced chronic pain in his spine, chest, shoulders, arms, hands/fingers, hips, legs, and knees/ankles/feet; the pain is aggravated by changing weather, fatigue, movement/overuse, cold, and stress.  *PAGEID* 541.

On February 12, 2012, Eli Perencevich, D.O., reviewed the record for the state agency, *PAGEID* 87-88, and concluded that plaintiff could, *inter alia*, lift and/or carry twenty pounds occasionally and ten pounds frequently and could stand and/or walk for about six hours in an eight-hour workday.  *PAGEID* 87.  Plaintiff could frequently climb ramps/stairs, balance, stoop, kneel, crouch, and crawl.  *PAGEID*

---

[1] The Court's discussion of the evidence is limited to the issues presented in plaintiff's *Statement of Errors*.

2

88.  He could occasionally climb ladders/ropes/scaffolds.  *Id*.
In reaching this conclusion, Dr. Perencevich noted plaintiff's
fibromyalgia diagnosis but also noted that plaintiff presented with
normal strength and neurological findings.  *Id*.  Although there were
reports of tenderness in the wrists, arms, knees, and ankles, there
was no synovitis or evidence of neuromuscular disease.  *Id*.
Plaintiff's gait was slow at times, but was not antalgic.  *Id*.

On August 2, 2012, Abraham Mikalov, M.D., another state agency
physician, adopted Dr. Perencevich's assessment.  *PAGEID* 102-03.

In November 2012, Dr. Hojjati diagnosed severe fibromyalgia and
opined that plaintiff is incapable of even "low stress" jobs; he can
walk less than one block without needing to rest or experiencing
severe pain; he can sit, stand or walk for less than two hours in an
eight-hour workday; throughout the workday, he needs at least three
unscheduled breaks during which he must lie down; he can lift less
than ten pounds only rarely, and he would be absent from work more
than four days per month.  *PAGEID* 540-44.

On November 13, 2012, James Upchurch, M.D., reviewed the record
for the state agency and affirmed the state agency physicians'
assessments that plaintiff has the residual functional capacity to
perform a reduced range of light work.  *PAGEID* 574-76.

**III. Administrative Hearing and Decision**

Plaintiff testified at the administrative hearing that he takes
Vicodin for his fibromyalgia.  *PAGEID* 67.  He did not complete a six-
month pain treatment program at the Cleveland Clinic because of

3

financial constraints. *PAGEID* 66-68.

Plaintiff also testified that he can stand or sit for about twenty minutes at a time and must lie down at least six or seven times throughout the day for periods ranging from twenty minutes to an hour or two. *PAGEID* 68-69. Plaintiff uses a cane almost every day to deal with leg, knee and hip pain and because of falls. *PAGEID* 69.

Plaintiff can use the microwave, make a sandwich, and prepare a bowl of cereal. *Id.* He does his own laundry and some shopping. *PAGEID* 70-71. He is able to perform some household chores, such as dusting, and picking up and taking out the trash. *PAGEID* 71. His girlfriend helps him shower and, once in a while, helps him dress. *PAGEID* 70.

On a typical day, plaintiff reads, watches television, reviews his test results and uses the computer to make appointments. *Id.*

The vocational expert was asked to assume a claimant with plaintiff's vocational profile and the residual functional capacity eventually found by the administrative law judge. *PAGEID* 76. According to the vocational expert, such an individual could perform light, unskilled bench jobs, such as assembler of small products, sub-assembler, and assembler of electrical accessories. *PAGEID* 76-77.

In a written opinion dated April 8, 2013, the administrative law judge found that plaintiff's severe impairments consist of bursitis, fibromyalgia, Sjorgen's syndrome, depression, and anxiety. *PAGEID* 42. The administrative law judge also found that plaintiff's impairments neither meet nor equal a listed impairment and leave plaintiff with

4

the residual functional capacity ("RFC") to

> lift/carry and push/pull up to twenty pounds occasionally
> and up to ten pounds frequently, stand/walk for six hours
> in an eight-hour workday, and sit for six hours in an
> eight-hour workday. The claimant must change positions
> every thirty minutes and will be off task one minute each
> time. Further, he can occasionally climb ramps and
> scaffolds, but never climb ladders, ropes, or scaffolds.
> He can occasionally balance, stoop, kneel, crouch, and
> crawl. He must avoid unprotected heights and hazardous
> machinery. The claimant can understand, remember, and
> carry out simple tasks and job instructions. He can
> sustain concentration and persistence for minimum two-hour
> periods. He can have occasional interaction with
> supervisors and co-workers, but only brief, superficial
> interaction with the general public. He can respond
> appropriately to basic, infrequent changes in the
> workplace. He is limited to jobs that do not require
> strict production quotas or production rate pace, but goal-
> oriented work is acceptable.

*PAGEID* 44. The administrative law judge relied on the testimony of

the vocational expert to find that this RFC would permit the

performance of a significant number of jobs in the national economy,

including such representative jobs as an assembler of small products,

sub-assembler, and assembler of electrical accessories. *PAGEID* 49-50.

Accordingly, the administrative law judge concluded that plaintiff was

not disabled within the meaning of the Social Security Act from

December 16, 2011, through the date of the administrative decision.

*PAGEID* 50.

**IV. Discussion**

Pursuant to 42 U.S.C. § 405(g), judicial review of the

Commissioner's decision is limited to determining whether the findings

of the administrative law judge are supported by substantial evidence

and employed the proper legal standards. *Richardson v. Perales*, 402

U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595
(6th Cir. 2005).  Substantial evidence is more than a scintilla of
evidence but less than a preponderance; it is such relevant evidence
as a reasonable mind might accept as adequate to support a conclusion.
*See Buxton v. Haler*, 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Sec'y
of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981).  This
Court does not try the case *de novo*, nor does it resolve conflicts in
the evidence or questions of credibility.  *See Brainard v. Sec'y of
Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v.
Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, this
Court must examine the administrative record as a whole.  *Kirk*, 667
F.2d at 536.  If the Commissioner's decision is supported by
substantial evidence, it must be affirmed even if this Court would
decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d
1058, 1059 (6th Cir. 1983), and even if substantial evidence also
supports the opposite conclusion.  *Longworth,* 402 F.3d at 595.

In his *Statement of Errors*, plaintiff argues that the
administrative law judge erred in her evaluation of the medical source
opinions.  Plaintiff specifically argues that the administrative law
judge erred in failing to grant controlling weight to Dr. Hojjati's
opinions.  *Statement of Errors*, *PAGEID* 612-20.

The opinion of a treating provider must be given controlling
weight if that opinion is "well-supported by medically acceptable
clinical and laboratory diagnostic techniques" and is "not

6

inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 416.927(c)(2). Even if the opinion of a treating provider is not entitled to controlling weight, an administrative law judge is nevertheless required to evaluate the opinion by considering such factors as the length, nature and extent of the treatment relationship, the frequency of examination, the medical specialty of the treating physician, the extent to which the opinion is supported by the evidence, and the consistency of the opinion with the record as a whole. 20 C.F.R. § 416.927(c)(2)-(6); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Moreover, an administrative law judge must provide "good reasons" for discounting the opinion of a treating provider, *i.e.*, reasons that are "'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (quoting SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996)). This special treatment afforded the opinions of treating providers recognizes that

> "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations."

*Wilson,* 378 F.3d at 544 (quoting 20 C.F.R. § 404.1527(d)(2)).

As noted *supra*, plaintiff began treating with Dr. Hojjati in May

7

2011. *PAGEID* 383, 385, 540. On April 4, 2012, Dr. Hojjati diagnosed, *inter alia*, fibromyalgia, *PAGEID* 426, and on November 2, 2012, Dr. Hojjati opined that plaintiff was incapable of even "low stress" jobs, could walk less than a block without needing to rest or experiencing severe pain; could sit, stand or walk less than two hours in an eight-hour workday; would need at least three unscheduled breaks to lie down; could lift less than ten pounds only rarely; and would be absent from work more than four days per month. *PAGEID* 542-44.

The administrative law judge characterized Dr. Hojjati as a treating source but granted "little weight" the doctor's opinion because

> it appeared to be based on the claimant's subjective complaints and not objective medical evidence. Further, the opinion inconsistent [sic] with own [sic] treatment notes and other substantial evidence in the record that shows the claimant is capable of basic work like functions (Ex. 4E). Dr. Hojiati [sic] indicated in his treatment notes that the claimant was showing signs of improvement regarding his physical impairments (Ex. 14F at 1).

*PAGEID* 47-48. Instead, the administrative law judge gave "significant weight" to the opinion of state agency physician Dr. Upchurch "because it is consistent with the record as whole [sic]. Specifically, it is consistent with the evidence that showed improvement in the claimant's symptoms when he was medically compliant with his prescribed mode of care." *PAGEID* 47. In making this latter finding, however, the administrative law judge specifically cited to physical therapy records, *PAGEID* 512-19, and psychiatric treatment records, *PAGEID* 527-39, neither of which demonstrate improvement in the plaintiff's

8

symptoms of fibromyalgia "when he was medically compliant with his prescribed mode of care."

This Court concludes that the matter should be remanded for further consideration of the expert medical opinion evidence, including the opinion of disability articulated by plaintiff's treating physician, Dr. Hojjati.

In declining to give controlling weight to Dr. Hojjati's opinion of disability, the administrative law judge did not fully consider some of the factors required by 20 C.F.R § 416.1527(c)(2)-(6), including Dr. Hojjati's medical specialty and the consistency of the opinion with the record as a whole.  In this regard, the Court is not so much concerned with the sparseness of the administrative law judge's evaluation of the medical opinions but with the apparent inaccuracies in her references to the medical record. Significantly, the administrative law judge found that Dr. Hojjati's opinion is inconsistent with other substantial medical evidence, but the administrative law judge clearly misstated that evidence when she accorded "significant weight" to the opinion of state agency reviewing physician, Dr. Upchurch.

In concluding that the action should be remanded for further consideration of Dr. Hojjati's opinion, the Court does not suggest that that opinion is entitled to controlling, or even significant, weight. Rather, the recommendation for remand arises out of concern that, considering her inaccurate citation to the medical record, the administrative law judge may not have accurately evaluated the degree

9

to which Dr. Hojjati's opinion is consistent with the record as a whole.

It is therefore **RECOMMENDED** that the decision of the Commissioner be reversed and that this action be remanded to the Commissioner, pursuant to Sentence 4 of 42 U.S.C. § 405(g), for further consideration of the opinion of plaintiff's treating physician.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to

10

magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


August 31, 2015                          *s/Norah McCann King*
                                   Norah M<sup>c</sup>Cann King
                            United States Magistrate Judge